FILED

NOV 2 3 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-00776 SBA (DMR) |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| JUSTIN LAMONT JOHNSON, | ) | |
| Defendant. | ) | |

I. DETENTION ORDER

Defendant Justin Lamont Johnson is charged in an indictment with a violation of 18 U.S.C. §§ 922(g)(1) (felon in possession of a firearm). On November 21, 2011, the United States moved for Mr. Johnson's detention and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). On November 23, 2011, Defendant waived the timing of his right to proffer information at a detention hearing, see 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise), and retained his right to raise any additional relevant information at a later hearing.

DETENTION ORDER
CR 11-00776 SBA (DMR)                    1

cc: Copy to parties via ECF, Lisa, Pretrial Services, 2 Certified copies to U.S. Marshal

After considering the limited information available to the Court, and the factors set forth in 18 U.S.C. § 3142(g), the Court detains Mr. Johnson as a danger to the community and finds that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance in this case. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## II. CONCLUSION

The Court detains Mr. Johnson at this time. Because Defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Defendant's request at any future time.

Mr. Johnson shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 23, 2011

_____
DONNA M. RYU
United States Magistrate Judge